NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONA CASIANO,<br><br>    Plaintiff,<br><br>v.<br><br>AFSCME COUNCIL 63 OFFICIALS, *et al.*,<br><br>    Defendants. | Civil Action No. 23-23430 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Leona Casiano's ("Plaintiff" or "Casiano") application to proceed *in forma pauperis* (ECF No. 1-2, "IFP"), together with her Complaint,[1] (ECF No. 1, "Compl"), against Defendants "AFSCME Council 63 Officials" and four specific union officials: "Steven Tully (Director)", "Terri Woodrow (Field Director)", "Lakeisha Hamm (Staff Representative)", and "Timm Twardoski (Judicial Panel)" (collectively, the "Defendants"). (Compl. at 1.) For the reasons explained below, the application to proceed IFP is **GRANTED**, and the Complaint is **DISMISSED IN PART** without prejudice.

**I.    Background**

At its essence, this matter involves cross-accusations of embezzlement of union funds that, according to Plaintiff, ultimately led to her expulsion as president of her union. In her Complaint and "Civil Cover Sheet" spanning nine handwritten pages, Casiano alleges that she was expelled and suspended from her role as president of AFSCME Local 549 for reporting (or as Casciano

---

[1] For the purposes of this decision, the Court uses PDF page numbers when referring to specific pages in the Complaint and its exhibits.

describes, "whistleblowing") that the former President, Elijah Addison ("Addison"), and his executive board, violated bylaws of the union's constitution by allegedly embezzling funds. (Compl. at 3.) For example, according to Plaintiff, Addison allegedly wrote "several $500 dollar [sic] checks to each executive board officer on March 25, 2022, and [those checks were] cashed on March 28, 2022." (*Id.*) Casiano pleads that she then reported same to the AFSCME Council 63 Director, Defendant Steven Tully and others. (*Id.*) As a result, Casiano pleads that she was "charged by the Executive Board for violating the [union] constitution bylaws without any burden of proof." (*Id.*) In addition, Casiano claims that Defendant Lakeisha Hamm, allegedly "lied under oath" and accused Casiano of also embezzling funds—specifically embezzling $41,829.15 into her personal bank account. (*Id.*) Overall, Casiano claims she was "made aware of one out of many fraudulent activities inside AFSCME Union Member Local 549" bank accounts. (*Id.*)

After being ousted as AFSCME president and being subjected to an accusation of embezzlement of funds, Casiano pleads that she became "mentally depressed [and] had to take antidepressants." (*Id.* at 4.) AFSCME also allegedly caused Casiano's husband to "relapse repeatedly until he had a cardiac arrest [on] September 22, 2023 for not being able to protect the plaintiff his wife." (*Id.*) Casiano requests to be reinstated as the elected president of AFSCME Council 63 and seeks seven million dollars in damages, which she describes as her "favorite number." (ECF No. 1-1 at 7.)

## II. IFP

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*—without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state

a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The IFP statute requires that a plaintiff demonstrate financial need through the submission of a complete financial affidavit. *See Atl. Cnty. Cent. Mun. Court Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)).

Here, Plaintiff completely filled out the Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. (*See* IFP.) Plaintiff lists monthly income of $2,400 and approximately $2,600 in monthly expenses for home-related expenses, food, clothing, laundry, medical expenses, insurance, installment payments, and therapy (*See id.* at 2, 4–5.) Plaintiff indicates that her husband has no income. (*Id.* at 1.) The application also indicates that Plaintiff has $57 in her checking account and $35 in her savings account. (*Id.* at 2.) From this, and because Plaintiff's expenses exceed her income, the Court finds that Plaintiff has sufficiently apprised the Court of her financial status and **GRANTS** Plaintiff's *in forma pauperis* application.

### III. Complaint Screen

As to the claims within the complaint, between the civil cover sheet (*see* ECF No. 1-1 at 1) and her supplemental explanation of her claims, (*see id.* at 2–6), Casiano attempts to invoke ten separate statutory provisions under Title 29 of the United States Code, each of which governs the conduct of labor unions. Casiano seeks relief under the following provisions:[2] 29 U.S.C. § 529; 29 U.S.C. § 501(c); 29 U.S.C. § 411(a)(2); 29 U.S.C. Sec. 101(2), (5)(C); 29 U.S.C. § 412 Sec. 102; 29 U.S.C. § 431(H); 29 U.S.C. § 524(a); 29 U.S.C. § 481(e); 29 U.S.C. § 402(o); 29 U.S.C. § 401 Sec. 2(b)(c). (ECF No. 1-1 at 2–6.)

---

[2] The Court reproduces each statute here the way Casiano writes them in her Complaint, recognizing that the formatting is inconsistent and some of the statutes, as written, do not exist at all.

The Court begins by dispensing with six of the above statutes on the grounds that they do not provide viable causes of action. Three of the statutes at issue do not seem to exist at all. *See* 29 U.S.C. § 431(H); 29 U.S.C. § 401 Sec. 2(b)(c)[3]; 29 U.S.C. § 524(a)[4]. A fourth statute is merely definitional. *See* 29 U.S.C. § 402(o). A fifth statute is criminal, and therefore provides no private right of action. *See* 29 U.S.C. § 501(c); *see also United States v. Lore*, 430 F.3d 190, 200–01 (3d Cir. 2005) (explaining "the crime that Congress intended to establish" in enacting § 501(c)). Finally, the sixth statute is one that would require Casiano to have exhausted administrative remedies both with her union and with the Secretary of Labor to seek relief, and she has not alleged seeking administrative redress. *See* 29 U.S.C. §§ 481(e), 482.

The remaining four statutes—29 U.S.C. §§ 411(a)(2), 411(a)(5)[5], 412, and 529—in contrast, could provide a plaintiff with prospective relief. Section 412 provides the cause of action for the other three statutes, as it provides that "[a]ny person whose rights secured by the provisions of this subchapter have been infringed . . . may bring a civil action in a district court of the United States." 29 U.S.C. § 412.[6] Section 411, which Casiano pleads as the basis for some of her claims, is part of the Bill of Rights of Labor Organizations ("Bill of Rights"), and therefore Section 412 appropriately creates a private right of action for it. *See Doyle v. United Automobile Aerospace &*

---

[3] To the extent that Casiano intends to state a claim under Section 401, that section is titled the "Congressional declaration of findings, purposes, and policy" and provides no cause of action.

[4] In the event that Casiano means to bring a claim under either 29 U.S.C. § 524 or 29 U.S.C. § 524a, neither statute creates a cause of action—the former provides that the chapter does not "impair or diminish the authority of any State to enact and enforce general criminal laws," 29 U.S.C. § 524, and the latter vests states with the authority to enact and enforce laws relating to "eliminat[ing] the threat of pervasive racketeering." 29 U.S.C. § 524(a).

[5] Casiano's complaint alleges a violation of "Sec. 101 (2), (5)(C)." (ECF No. 1-1 at 2.) Section 101 of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA) was codified as 29 U.S.C. § 411. *See* Pub. L. 86-257, 73 Stat. 519, 522 (1959). Therefore, the Court interprets Casiano's invocation of "Sec 101" as an attempt to bring a clam under 29 U.S.C. § 411.

[6] The "subchapter" that Section 412 refers to is the "Bill of Rights of Labor Organizations," a law first enacted in 1959 to "guarantee every union member equal voting rights, rights of free speech and assembly, and a right to sue." *United Steelworkers of Am., AFL-CIO-CLC v. Sadlowski*, 457 U.S. 102, 109 (1982).

*Agric. Implement Workers of Am. Loc. 1069*, 761 F. App'x 136, 138 (3d Cir. 2019). Additionally, Section 529, though not part of the "Bill of Rights," specifically provides that it shall be enforceable by "the provisions of Section 412." *See* 29 U.S.C. § 529. Only Plaintiff's causes of action under 29 U.S.C. § 411(a)(2) and 29 U.S.C. § 529 may proceed.

Turning first to the basis for relief under Section 411(a)(5), this is the section of the "Bill of Rights" that "safeguards against improper disciplinary action." 29 U.S.C. § 411(a)(5). The statute provides, in relevant part:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

*Id.* Casiano alleges that she was found guilty of violating the Union's constitution after a hearing, but that at that hearing was not "full and fair," *see id.* § 411(a)(5)(C), because there was "no summary of any evidence . . . no summary evidence in refutation of the executive board officers' charges . . . no finding of fact . . . [and] no conclusions of law." (ECF No. 1-1 at 4.) The definition of a "full and fair hearing in a union disciplinary proceeding must be determined from the traditional concepts of due process of law." *Kehoe v. Int'l Ass'n of Theatrical State Emps. Loc. 21*, No. 13-7805, 2016 WL 2944071, at *11 (D.N.J. May 20, 2016) (citing *Falcone v Dantinne*, 420 F.2d 1157, 1165 (3d Cir. 1969)). In the Third Circuit, this includes that there be "'some evidence' to support the charges made" and the "right to a hearing before an unbiased committee." *Id.* at *12 (citing *Knight v. Int'l Longshoremen's Ass'n.*, 457 F.3d 331, 342 (3d Cir. 2006)). Here, although Casiano's allegation points to a dearth of summaries of evidence or conclusions of facts and law, she does not aver that she did not receive written notice of the charges, was denied a reasonable time to prepare her defense, or was denied a fair hearing. *See* 29 U.S.C. § 411(a)(5)(C). There is

no allegation that the union failed to present "some evidence" or that the committee was biased against her. *See Kehoe*, 2016 WL 294407, at *11. Therefore, Casiano's claim under Section 411(a)(5) cannot proceed.

Section 411(a)(2) is the section of the "Bill of Rights" that protects the freedoms of speech and assembly. *See* 29 U.S.C. § 411(a)(2). The statute provides, in relevant part:

> Every member of any labor organization shall have the right . . . to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

*Id.* "The removal of an elected union representative in retaliation for protected speech violates the LMRDA." *See McCarthy v. Int'l Ass'n of Machinists and Aerospace Workers*, No. 21-1673, 2021 WL 5766569, at *4 (3d Cir. Dec. 6, 2021) (citing 29 U.S.C. § 411(a)(2) and *Sheet Metal Workers Int'l Ass'n v. Lynn*, 488 U.S. 347, 349 (1989)). A plaintiff must establish three elements in claiming retaliation: "(1) he engaged in protected expression; (2) he was subjected to an adverse action; and (3) the retaliation was a direct result of the protected expression." *McCarthy*, 2021 WL 5766569, at *4. In her Complaint, Casiano alleges that she was expelled from her position as union president for her role in exposing the previous executive board union officials for embezzling union funds and informing Local 549 members of the same. (ECF No. 1-1 at 2.) The first two elements are easily met: Casiano engaged in protected free speech when she acted as a "whistleblower" about the allegedly embezzled funds, and she was subject to an adverse action when she was removed from her position as union president.

6

The third element, causation, is not pled as clearly here. To establish a causal connection, a plaintiff must generally show either "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing." *McCarthy*, 2021 WL 5766569, at *4 (quoting *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)). Casiano alleges that she reported the alleged embezzlement on "the day Leona Casiano was elected president, March 25, 2022." (ECF No. 1-1 at 3.) She further alleges that she was "expelled for [her] freedom of speech" on June 10, 2022. (*Id.*) While this is a three-month gap, Casiano also alleges some intervening actions, including suspension and hearing, which would reduce the time between the protection action and the adverse action. (*See* ECF No. 1-1 at 3.) Therefore, drawing all reasonable inferences in favor of the Plaintiff, the allegations in the Complaint preclude dismissal of the claim under 29 U.S.C. § 411(a)(2).[7] These same facts state a claim under 29 U.S.C. § 529, which, in general, prohibits any labor organization or officer from suspending, expelling, or otherwise disciplining any of its members from exercising one of the enumerated rights. *See* 29 U.S.C. § 529. Since Casiano has stated a claim that she was suspended and expelled as a result of her speaking up about possible embezzlement, she states a claim under Section 529.

---

[7] The Labor Management Reporting and Disclosure Act of 1959 (LMRDA) allows a union to require an aggrieved member "to exhaust reasonable hearing procedures . . . before instituting legal or administrative proceedings against such organizations or any officer thereof." 29 U.S.C. § 411(a)(4). Casiano has not alleged exhausting any hearing procedures in support of her claims. However, as it relates to Section 411 rights, "a plaintiff's failure to exhaust intra-union remedies is 'not a jurisdictional bar.' Rather, 'the exhaustion issue is an affirmative defense in which the defendant union bears the burden of persuasion." *McLaughlin v. Int'l Brotherhood of Teamsters, Local 249*, 641 F. Supp. 3d 177, 198 (W.D. Pa. 2022) (quoting *O'Rourke v. Crosely*, 847 F. Supp. 1208, 1218 (D.N.J. 1994)). The Court will consider such an affirmative defense if Defendants choose to advance it at the appropriate stage in litigation. *See O'Rourke*, 847 F. Supp. at 1218 ("Exhaustion of internal union remedies is not an absolute requirement under Section 411, but rather is subject to judicial discretion." (citing *Mallick v. Int'l Brotherhood of Electrical Workers*, 644 F.2d 228 (3d Cir.1981))).

For these reasons, the Complaint is **DISMISSED IN PART**, with Plaintiff's claims under 29 U.S.C. § 411(a)(2) and 29 U.S.C. § 529 having sufficient merit to proceed under the Court's *sua sponte* screening pursuant to 28 U.S.C. § 1915(e).

According, **IT IS** on this 23rd day of January, 2025,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** without prejudice; and it is further

**ORDERED** that Plaintiff's claim under 29 U.S.C. § 411(a)(2) may proceed; and it is further

**ORDERED** that Plaintiff's claim under 29 U.S.C. § 529 may proceed; and it is further

**ORDERED** that Plaintiff's claims under 29 U.S.C. § 501(c); 29 U.S.C. Sec. 101(2), (5)(C); 29 U.S.C. § 412 Sec. 102; 29 U.S.C. § 431(H); 29 U.S.C. § 524(a); 29 U.S.C. § 481(e); 29 U.S.C. § 402(o); 29 U.S.C. § 401 Sec. 2(b)(c) are **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff may file an amended complaint, if she so chooses, within thirty (30) days of the date of the entry of this Order. Failure to file an amended complaint will allow Plaintiff to proceed only pursuant to 29 U.S.C. §§ 411(a)(2) and 529; and it is further

**ORDERED** that upon Plaintiff's sending of the completed USM-285 form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this Memorandum Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.[8]

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

---

[8] Alternatively, the U.S. Marshal may notify Defendants that an action has been commenced and request that Defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).